UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO.: 2:05 CR 143 |
| RUDOLFO HEREDIA | ) |

**DEFENDANT, RUDOLFO HEREDIA'S RESPONSE IN OPPOSITION TO THE UNITED STATES' 404(B) NOTICE OF BAD ACTS EVIDENCE**

Comes now the Defendant, Rudolfo Heredia, by and through counsel, Arlington J. Foley and files his response to the United States' motion to introduce evidence under Fed. R. Evid. 404(b) and states as follows:

The Federal Rule of Evidence 404(b) states in part that,

♣ "Evidence of other crimes, wrongs or acts is *not admissible to prove the character of a person in order to show action in conformity therewith*. It may… be admissible…as proof of motive, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident…" Fed. R. Evid. 404(b). (emphasis added).

In order to determine if evidence can be admitted under Fed. R. Evid. 404(b), the court notes whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a finding by the jury that the [defendant] committed a similar act; (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice." *U.S. v. Hall,* 93 F.3d 1337, 1346 (7th Cir. 1996).

The government intends to introduce events allegedly involving Heredia to show S.A.'s state of mind. However, the government merely wants to introduce these acts under the guise of demonstrating S.A's state of mind when in reality these alleged acts violate the first prong in the 404(b) analysis.

Under the first prong of 404(b), the evidence to be introduced needs to establish an issue "other than the defendant's propensity to commit the crime charged". *Id.* However, the events provided by the government in their 404(b) Notice of Bad Act Evidence including; Heredia allegedly telling S.A. about shooting someone in retaliation, Heredia hitting his dad, hitting someone with a hammer, merely depict incidents, if true, that fail the first prong of 404(b) because collectively the incidents demonstrate defendant's propensity to commit acts of anger and/or retaliation.

Even if this court determines that the alleged acts of Heredia, offered by the government in their 404(b) Notice of Bad Act Evidence passes muster under the first prong analysis, those alleged incidents would still fail under the second prong or demonstration of other acts that are similar or close in time to the one charged. The other items proffered by the government merely depict more alleged acts of aggression and range the spread through the time frame of the relationship between S.A. and Heredia, of at least nine years, thus violating the second prong of 404(b) analysis.

Heredia is charged with a violation of Interstate Stalking. Interstate Stalking requires the government to prove four elements including:

- 1. That the defendant traveled in interstate commerce;
- 2. with the intent to injure, harass, and intimidate another person; and

- 3. in the course of, and as a result of, such travel place another person in reasonable fear of the death of, or serious bodily injury

18 U.S.C. § 2261A.

The government alleges that in order to demonstrate the third prong of the Interstate Stalking charge the state of mind of S.A. is imperative. However, when analyzing evidence of prior encounters the court has often taken the nature and type of prior incidents into consideration when determining 404(b) probative value. *Klein v. Vanek*, 86 F. Supp. 812, 815 (N.D. Ill. 200) (noting that testimony by the victim about her emotional response when seeing the defendant make a gesture toward her would not be relevant and the any probative value would be outweighed by the unfair prejudice).

While the government offers numerous cases including, *United States v. Tuchow*, 768 F.2d 855, 866 (7th Cir. 1985) (Hobbs Act prosecution); *United States v. Gigante*, 729 F.2d 78, 84 (C.A.2d 1984) (loan sharking acts admissible to show the victim's fear of defendant and what happens to those who cannot pay); and *U.S. v. Lester*, 749 F.2d 1288, 1300 (C.A. 9th 1984) (mob case allowing evidence that brother witnessed murder to rebut claim that the brother acted voluntarily), in aggregate these cases demonstrate the admission of evidence in cases involving extortion.

In the alternative, the government offers *U.S. v. Ivy*, 929 F.2d 147, 152 (C..A. 5th, 1991) to demonstrate that evidence of the victim's state of mind after a kidnapping was admissible. However, the facts in the *Ivy* case vary significantly from the case at bar. In *Ivy,* the defendant shot the victim's date and then kidnapped her. *Id.* at 149.  The court held that the state of mind of both the defendant and the victim were relevant to the shooting incident and therefore was admissible. *Id.* 152. The court reasoned that the

shooting immediately prior to the kidnapping was important to demonstrate the victim's fear and why she went with the defendant after he ordered her out of the car. *Id*. at 152.

However, in the case at bar, the government's list of alleged acts performed by Heredia lack any causal connection to S.A.'s state of mind. The government fails to provide any alleged acts performed by Heredia immediately prior to or connected to the stalking charge. Instead the government proffers a list of items that may or may not have occurred sometime during the nine-year relationship of the S.A. and Heredia.

WHEREFORE:  The Defendant, Heredia, respectfully requests that the evidence not be admitted because it does not show the victim's state of mind.

RESPECTFULLY SUBMITTED: s/ Arlington J. Foley
Attorney at Law

Certificate of Service

I hereby certify that on the _____ day of _____, 200___, I electronically filed the foregoing **DEFENDANT, RUDOLFO HEREDIA'S RESPONSE IN OPPOSITION TO THE UNITED STATES' 404(B) NOTICE OF BAD ACTS EVIDENCE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Philip Benson

S/Arlington J. Foley
Attorney at Law