UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05 CR 143 |
| | ) | |
| RUDOLFO HEREDIA | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
REQUEST FOR A BILL OF PARTICULARS**

Comes now the United States of America, by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, and files its response to the defendant's request for a Bill of Particulars and in support of its response states as follows:

**I.      Background**

The superseding indictment in this matter alleges the defendant committed two violations of federal law. Count 1 charges the defendant with a violation of Title 18 United States Code § 2261, Interstate Domestic Violence. Count 2 charges the defendant with a violation of Title 18 United States Code § 2261A, Interstate Stalking. Both counts allege that the defendant committed these violations "In or about early to mid April, 2005." The two charges arise out of one instance occurring on a single day in April of 2005.

On December 1, 2005, a pretrial conference was held in this matter before the Honorable Paul Cherry. At that time, the defendant indicated that he would be filing a Bill of Particulars regarding the above charges in regards to the time frame alleged in the indictment. At that time, in an attempt to promptly facilitate a resolution to this issue, the government stated on the record in open court the specific instance the government was relying on to support the time frame charged in the indictment.

1

Shortly after that hearing, the defendant proceeded to file his request for a Bill of Particulars.

In summary, during the pretrial conference, the undersigned indicated the following: The time frame alleged in the indictment was derived from an interview with the victim in this case and the defendant's videotaped confession. Neither were sure of the exact date of the below described incident.

During the victim's interview, she indicated that the defendant's birthday was on April 1, 2005. Approximately one to two weeks later, the defendant broke into her apartment, removed several items from her apartment, and confronted her at her place of employment with these items. The victim further indicated that based upon previous threats by this defendant, she was in fear of serious bodily injury or death.

The defendant gave a videotaped statement in which he acknowledged breaking into the victim's apartment.[1] During this statement, the defendant stated that he had secretly made a copy of the victim's house key when he had taken the victim's car for a tune-up. The defendant stated that approximately one week after his birthday in April of 2005, he entered the victim's residence with the key that he had secretly made. The defendant indicated that he broke into the residence in an attempt to obtain information regarding wether or not the victim had been dating anyone. The defendant searched through the victim's house, even including the garbage. After locating a sweatshirt with a Comcast Cable logo, two condoms, and several letters that the victim was intending to send to her ex-husband in prison, the defendant traveled to the victims's place of employment and confronted her in a threatening manner. The defendant further stated that he sent the stolen letters to the victim's ex husband along with a self addressed stamped return envelope with an inquiry as to whether or not the incarcerated ex-husband was going to get back together with the victim

---

[1] This videotaped confession has been supplied to the defense.

**II.    Legal Analysis**

It is well established that a motion for a bill of particulars lies within the sound discretion of the trial court.  <u>United States v. Andrus</u>, 775 F.2d 825, 843 (7th Cir. 1985); <u>United States v. Serola</u>, 767 F.2d 364, 370 (7th Cir. 1985); <u>United States v. Kendall</u>, 665 F.2d 126, 134 (7th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 1021 (1982); <u>United States v. American Waste Fibers Company, Inc.</u>, 809 F.2d 1044, 1047 (4th Cir. 1987); <u>United States v. Haas</u>, 583 F.2d 216, (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 588 F.2d 829 (1978), <u>cert</u>. <u>denied</u>, 440 U.S. 981 (1979).  Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court "may direct the filing of a bill of particulars."

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him in order to adequately prepare for his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense when the indictment is to vague and indefinite for such purpose. <u>Wong Tai v. United States</u>, 273 U.S. 77, 47 S.Ct. 300 (1927); <u>United States v. Roya</u>, 574 F.2d 368 (7th Cir.).  However, a bill of particulars is not an investigative vehicle for the defense and is not available as a tool "to obtain detailed disclosure of the government's evidence prior to trial."  <u>United States v. Kilrain</u>, 566 F.2d 979, 985 (5th Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 819 (1978).  Discovery of the government's witnesses in advance of trial is also prohibited.  <u>United States v. Bouye</u>, 688 F.2d 471 (7th Cir. 1982).  Thus, a defendant may not use a motion for a bill of particulars to compel the disclosure of evidentiary detail or a government witness list.  <u>United States v. Johnson</u>, 504 F.2d 622, 628 (7th Cir. 1974).  Therefore, the defendants are not entitled to wholesale discovery of the government's case.  <u>United States v. Johnson</u>, 504 F.2d 622 (7th Cir. 1974).

The applicable test in determining whether a motion for a bill of particulars should be granted is whether the indictment adequately sets forth the elements of the offenses charged and sufficiently apprises the defendant of the charges so that he may prepare for trial.  <u>Andrus</u>, <u>supra</u>, at 843; <u>Serola</u>,

supra, at 370; Kendall, supra, at 134; Haas, supra, at 219.  " . . . [I] If the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the [Defendants' Joint Motion for Bill of Particulars] does not prejudice the defendant."  Andrus, supra at 843.  The indictment need only set forth the elements of the charges, the time and place of the defendant's actions and the statutes violated.  United States v. Roya, 574 F.2d 386 (7th Cir.), cert. denied, 439 U.S. 857 (1978); See also, United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981) (the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved).  A denial of a bill of particulars is within the discretion of the Court and is reviewable only for an abuse of discretion.  Wong Tai v. United States, 273 U.S. 77 (1927).

In the case presently before the Court, the  government has met the established standard with the information contained in the indictment and the representations made on the record at the pretrial conference in this matter.  The defendant is entitled to no more.

Wherefore the government respectfully requests that the defendant's request for a Bill of Particulars be denied.

        Respectfully submitted,

        JOSEPH S. VAN BOKKELEN
        UNITED STATES ATTORNEY


By:   S/ Philip C. Benson
       Assistant United States Attorney
       Attorney # 14498-45

## *Certificate of Service*

I hereby certified that December 19, 2005 I electronically filed the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Arlington J Foley** (AFoley@URISP.com)

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**

 S/ Sandra M. Clanin
Sandra M. Clanin
Legal Assistant