UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05 CR 143 |
| | ) | |
| RUDOLFO HEREDIA | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S
MOTION IN OPPOSITION TO 404(b) EVIDENCE**

Comes now the United States of America, by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, and hereby files its Reply to Defendant's Motion in Opposition to 404(b) Evidence and in support of its response states as follows:

**I.    FRE 404(b) is not Applicable to Evidence Offered Solely to Show the Victim's State of Mind**

The defendant's sole reliance on the requirements of FRE 404(b) as grounds to exclude all of the government's bad act evidence in misplaced. Many of the items being offered by the government do not fit within the FRE 404(b) analysis because they are not being offered to prove anything about the accused, but rather solely to show the state of mind of the victim. Therefore, much of what the defense complains about is not subject to constraints of FRE 404(b).  Rather, only a simple FRE 403 balancing test is required for the admissibility of this evidence.

The government intends to offer as testimony, the items listed in the Government's original 404(b) notice numbered 1 through 10. (R.16). Additionally, the Government intends to

1

offer into evidence the items listed in the Government's supplemental 404(b) notice as follows: Under the section entitled "*A. Testimony of AS*," items numbered 1-10, and under the section entitled "*B. Testimony of AM*," items numbered 1-2. All of these acts occurred prior to the acts alleged in the indictment. All of these acts committed by the defendant were known to the victim and caused her to fear this defendant if she ever left him. This testimony is being offered only to show the victim's state of mind. Therefore, FRE 404(b) is not applicable.

The defendant attempts to minimize the application to the case at bar, the various extortion/loansharking cases cited in the Government's motion. While not controlling authority, these extortion/loansharking cases provide valuable insight on the admissibility of evidence relating to the state of mind of a crime victim.

Very few federal statutes require the government prove the state of mind of the victim. However, Count Two of the indictment against the defendant charges a violation of 18 U.S.C. 2261(A) and requires the Government to prove that the victim was in fear of death or serious bodily injury. The exact same burden of proof is required in the extortion/loansharking cases. In extortion/loansharking cases, a victim is threatened with violence if they refuse to pay a monetary sum. In the case at bar, the victim was threatened by the defendant if she ever left him. In both cases, the victim's state of mind is an element of the offense.

The defendant's reliance on FRE 404(b) and *Klein v. Vanek*, 86 F.Supp 812 (N.D. Ill. 2000), is misplaced. In *Klein*, a §1983 action, Klein claimed that Vanek, a police officer, battered Klein for stalking Vanek's wife, Sue Vanek. Since Klein had not alleged any cause of action against Sue Vanek, the court prohibited Vanek's wife from testifying about her emotional reaction to seeing Klein prior to the alleged assault by her husband, Vanek. Interestingly though,

2

the court stated that if Vanek's wife's testimony would have been relevant to the issues at trial, "the history of Klein's prior encounters with Sue Vanek ... certainly would be frightening to any reasonable person." *Id*. at 814.

It would be impossible to prove why the victim in this case would be in fear of death or serious bodily injury if the government is prohibited from demonstrating to the jury the defendant's prior violence and threats to the victim. The evidentiary burden in the extortion/loansharking statutes is identical to the two statutes charged in this case -- and so should be the admissible evidence.

**II.     Fre 404(b) Does Not Bar the Admission of the Remainder of the Acts Cited by the Government in its 404(b) Notice.**

Item 11 listed in the Government's supplemental 404(b) states:

> "AS will testify that she was afraid of the defendant and was fed up with him. AS will testify that she believed the defendant was stalking her and had recently broken into her house. AS will testify that she had changed the locks to the apartment. However, in approximately July of 2005, AS's roommate's purse was stolen out of her residence. This purse contained the only other key to the lock on the residence. Testimony from Det. Dourghty that upon the defendant's arrest in September, the defendant had in his possession the key to the new locks that AS had placed on her residence."

The government is offering this evidence to show the defendant's intent to stalk the victim and his *modus operandi*. As previously cited by the government, these are accepted reasons for the admission of evidence under FRE 404(b). This evidence reveals the defendant's persistent harassment of the victim and the defendant's persistent intimidation of the victim. The evidence also reveals a consistent pattern of the defendant's means and method of making sure the victim was not dating anyone else - - to obtain a key to her apartment so that he could break -in at anytime he so desired. This evidence is precisely the type of evidence envisioned in FRE

3

404(b).

**III.     Conclusion**

Based upon the above, the Government respectfully request that the its motion to admit evidence of prior acts of the defendant be granted in its entirety.

                                        Respectfully submitted,

                                        JOSEPH S. VAN BOKKELEN  
                                        UNITED STATES ATTORNEY

                      By:    S/ Philip C. Benson  
                             Assistant United States Attorney  
                             Attorney # 14498-45

# *Certificate of Service*

      I hereby certified that December 19, 2005 I electronically filed the foregoing GOVERNMENT'S REPLY TO DEFENDANT'S MOTION IN OPPOSITION TO 404(b) EVIDENCE with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Arlington Foley**

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**NONE**

                                              S/ Philip C. Benson
                                              Assistant United States Attorney
                                              Attorney # 14498-45