UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>     )<br>v. )<br>     )<br>RUDOLPHO HEREDIA, )<br>    Defendant. ) | CAUSE NO.: 2:05-CR-143-PPS |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Bill of Particulars [DE 17], filed by the Defendant, Rudolpho Heredia, on December 5, 2005. On December 19, 2005, the Government filed a Response.

On September 22, 2005, an Indictment was returned, charging the Defendant with one count of Interstate Stalking in violation of 18 U.S.C. § 2261A. Subsequently, on December 9, 2005, a Superseding Indictment was returned, charging the Defendant in Count 1 with a violation of 18 U.S.C. § 2261, Interstate Domestic Violence, and in Count 2, a violation of 18 U.S.C. § 2261A, Interstate Stalking. Both counts allege that the Defendant committed these violations "In or about early to mid April, 2005." The Government represents that the two charges arise out of one instance occuring on a single day in April 2005.

On December 1, 2005, a pretrial conference was held before the undersigned, at which time the Defendant indicated that he would be filing the instant Bill of Particulars. In response, counsel for the Government stated on the record in open court the specific instance the government was relying on to support the time frame alleged in the Indictment. The Government represents that the time frame alleged in the indictment was derived from an interview with the victim in this case and from the Defendant's videotaped confession, and the Government describes with particularity the incident based on both the interview and the confession. Neither the victim nor the Defendant were sure of the

precise date of the incident.

During her interview, the victim indicated that the Defendant's birthday was on April 1, 2005. Approximately one to two weeks later, the Defendant broke into the victim's apartment, removed several items from the apartment, and confronted the victim at her place of employment with these items. The victim further indicated that, based upon previous threats by the Defendant, she was in fear of serious bodily injury or death.

In his videotaped statement, which has since been provided to the Defendant by the Government, the Defendant acknowledged breaking into the victim's apartment. He also stated that he had secretly made a copy of the victim's house key when he had taken the victim's car for a tune-up. The Defendant explained that approximately one week after his birthday in April 2005, he entered the victim's residence with the key that he had secretly made in an attempt to obtain information regarding whether or not the victim was dating anyone else. The Defendant searched through the victim's house, including the garbage. After locating a sweatshirt with a Comcast Cable logo, two condoms, and several letters that the victim was intending to send to her ex-husband in prison, the Defendant traveled to the victim's place of employment and confronted her in a threatening manner. The Defendant further stated that he sent the stolen letters to the victim's ex-husband along with a self-addressed, stamped return envelope with an inquiry as to whether or not the incarcerated ex-husband was going to get back together with the victim.

On December 5, 2005, the Defendant filed the Motion for Bill of Particulars. In the motion, the Defendant argues that the "Indictment fails to fully inform and advise the Defendant in sufficient and necessary particularity and definiteness specific matters that the Defendant would be called upon to defend at the trial in this cause particularly the specific dates and times of the offense alleged." The Government responds that the indictment clearly and sufficiently sets forth the elements of all of the

2

charged offenses and sufficiently apprises the Defendant of the charges against him.

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

The decision whether to require a bill of particulars lies within the sound discretion of the trial court. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985). The purposes of a bill of particulars include: (1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with information sufficient for him to prepare his defense. *See United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978).

A bill of particulars has been required in order to provide information about the charges that is necessary to the preparation of a defense and to avoid prejudicial surprise at trial. *See United States v. Washington*, 669 F. Supp. 1447, 1449 (N.D. Ind. 1987) (Moody, J.) (citing *Wong Tai v. United States*, 273 U.S. 77 (1927)). In *Andrus*, the Court stated: "[I]f the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motion [for a bill of particulars] does not prejudice the defendant." 775 F.2d at 843. A defendant has a constitutional right to know the nature of the offense with which he is charged (i.e., to know the theory of the case) to allow him to prepare a defense and to protect his double jeopardy rights, but not to know the details of how the Government will prove its case. *See United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

In determining whether to grant a bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Canino*, 949 F.2d at 949; *see also Andrus*, 775 F.2d at 843. In making this determination,

a court is not limited to considering only the indictment; the information may be provided to the defendant through "some other satisfactory form." *Canino*, 949 F.2d at 949. In *United States v. McAnderson*, the Seventh Circuit stated:

> [W]here the indictment provides sufficient information to inform the defendant of the nature of the charges against him, and the government provides the defendant with information about the alleged overt acts and co-conspirators prior to trial, the defendant has not suffered prejudice from the refusal of the request for a bill of particulars.

914 F.2d 934, 946 (7th Cir. 1990) (citing *Andrus*, 775 F.2d at 843; *Kendall,* 665 F.2d at 134-35).

In the instant case, the Defendant has not demonstrated to the Court why a bill of particulars is necessary or even helpful in the preparation of his defense. The Defendant has failed to address how the Government's disclosures at the December 1, 2005 hearing are insufficient to provide the defendant with the information he seeks in the form of a bill of particulars or what further information he seeks. Having reviewed the relevant standards, the Court finds that the Superseding Indictment (which specifically states the charges and information regarding facts alleged), coupled with the discovery materials provided to the Defendant and the statements made on the record in open court by counsel for the Government, provides the Defendant with sufficient information to prepare a defense and to avoid the possibility of surprise.

Therefore, the Court **DENIES** the Defendant's Motion for Bill of Particulars [DE 17].

SO ORDERED this 27th day of December, 2005.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record
       Judge Simon