**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05 CR 143 PS |
| | ) | |
| RUDOLFO HEREDIA | ) | |

**ORDER**

Before the Court is the admissibility of certain prior bad acts evidence that the Government intends to introduce at trial against Defendant Rudolfo Heredia.  The Court finds that the proffered evidence is relevant to the charged offenses and is being offered for a proper, non-propensity purpose.  However, as explained below, given the number of incidents involved, the Court defers a final ruling on its admissibility until trial when the Court can better assess the probative value of the evidence, the cumulative effect it may have, and the danger of any unfair prejudice that it may cause Heredia.

On December 2, 2005, the Government filed a Rule 404(b) Notice of Bad Acts Evidence. [Doc. 16.]  On December 12, the Government supplemented its notice with additional bad acts evidence.  [Doc. 28.]  On December 14, Heredia responded to the Government's notices.  [Doc. 30.]  On December 19, the Government filed a reply.  [Doc. 33.]

Heredia faces two counts in this prosecution: 1) Interstate Domestic Violence under 18 U.S.C. § 2261; and 2) Interstate Stalking under 18 U.S.C. § 2261A.  [Doc. 23.]  To convict Heredia of Interstate Stalking (Count Two), the Government must prove, among other elements, that Heredia placed another person in reasonable fear of death or serious bodily injury.  *See* 18 U.S.C. § 2261A.

According to its notices, the Government intends to elicit testimony from the alleged victim and her sister regarding approximately two dozen prior bad acts by Heredia.  [Doc. 16, 28.]  The Government asserts that the bad acts were either personally observed by the witnesses or described to them by Heredia.  The bad acts evidence includes testimony that Heredia stalked another person who previously had shot him, that he physically assaulted the victim and her sister, that he physically assaulted other individuals who got cross-wise with him, that he threatened to kill the victim if she left him, and that he stole the keys to the victim's apartment after she changed the locks.

The Government argues that much of the evidence identified in its notices is outside the scope of Rule 404(b).  [Doc. 33 at 1.]  According to the Government, Rule 404(b) does not apply to evidence offered solely to show a victim's state of mind.  *Id.*  The Government claims it would be impossible to prove that the victim had a reasonable fear of death or serious bodily injury without the proffered evidence.  *Id.* at 3.  In the alternative, the Government argues that even if the evidence falls within the scope of Rule 404(b), it is admissible because it is not being offered to prove Heredia's propensity to commit the charged offenses.

Rule 404(b) does not apply to evidence "inextricably intertwined" with the charged offense.  *United States v. Chavis*, 429 F.3d 662, 670 (7th Cir. 2005).  "To qualify as inextricably intertwined evidence that is outside Rule 404(b), the question is whether the evidence is properly admitted to provide the jury with a complete story of the crime on trial, whether its absence would create a chronological or conceptual void in the story of the crime, or whether it is so blended or connected that it incidentally involves, explains the circumstances surrounding, or *tends to prove any element of the charged crime*."  *Id*. (internal quotations omitted) (emphasis

2

added).  However, inextricably intertwined evidence must also be admissible under the Rule 403 balancing test.  *Id*.

This doctrine was just addressed by the Seventh Circuit earlier this week.  *See United States v. Gougis*, No. 04-1345, slip op. (7th Cir. Dec. 27, 2005).  In *Gougis*, the defendant was a police officer on trial for conspiracy to steal money and drugs from drug dealers.  The Seventh Circuit held that evidence that the defendant had admitted to one of his co-conspirators that he had stolen a watch five years earlier during the execution of a search warrant was properly admitted at trial.  The Court held that the evidence was "intricately related" to the charged conspiracy because it showed a long-standing relationship of trust between the conspirators.[1]  In so holding, the Court reiterated that if the prior act evidence is being offered to "prove any element of the charged crime" then it is admissible under the "intricately related" doctrine.  *Gougis*, slip op. at 9.

In this case, all of the evidence at issue is being offered "to prove an element of the charged crime" – that the victim was in reasonable fear of death or serious bodily injury by the defendant's conduct.   Not only does the evidence tend to prove this element, it also helps to complete "the story of the crime."  It shows the relationship between the defendant and the victim, how that relationship was full of violence, and why the victim was so afraid of the defendant.  To keep such evidence from the jury would leave a conceptual void in the case.  The defendant is on trial for stalking the victim.  The Government has to prove that the defendant's activities placed the victim in reasonable fear for her life.  It is difficult to see how the

---

[1] Some cases call such evidence "intricately related" while others use the nomenclature "inextricably intertwined."  *Compare Gougis with Chavis*.  The phrases appear to mean the same thing.

3

Government would prove that the victim was in reasonable fear for her life by the actions of the defendant unless the Government could offer evidence of what the defendant did in the past to put her in that state of mind.  Thus, we find that the evidence set forth in the Government's notice and amended notice is intricately related to the charged crime and thus outside the scope of Rule 404(b).  Instead, the evidence is directly relevant under Federal Rule of Evidence 401.

However, even relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by the "danger of unfair prejudice, [and] . . . needless presentation of cumulative evidence."  FED. R. EVID. 403.  Evidence that is admitted under the intricately related doctrine must still meet the requirements of Rule 403.  *Chavis*, 429 F.3d at 670.  While we find all of the evidence in the Government's notice to be relevant evidence, we will defer ruling on any Rule 403 issues until trial when the Court will have a better feel for the probative value of the evidence, its cumulative effect, and any unfair prejudice that it may cause Heredia.  After all, the Government is seeking to introduce several prior incidents in which Heredia acted out violently.  They are being offered to establish that the victim was in reasonable fear for her safety.  As mentioned, such evidence is relevant because it is direct evidence bearing on an element of the offense.  Thus, while a substantial portion of the evidence is likely to pass muster under Rule 403, at some point, the scales will tip the other way and the cumulative nature of the testimony and its prejudicial effect will substantially outweigh its probative value. *See* FED. R. EVID. 403.  That will be left for decision at trial.

Even if the evidence were not intricately related to the charged crime, it would still be admissible under Rule 404(b).  Rule 404(b) prohibits the use of evidence of other bad acts to

4

show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question. FED. R. EVID. 404(b); *Chavis*, 429 F.3d at 667. Bad acts evidence, however, may be admissible if it is offered for a non-propensity purpose, such as intent, knowledge, lack of mistake, motive, or opportunity. *Id*. A four-part standard governs the admissibility of Rule 404(b) evidence: (1) the evidence must be directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence must show that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *Id.*; *United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

When a victim's state of mind is an element of the offense, Rule 404(b) evidence is admissible to prove that element so long as the danger of unfair prejudice does not outweigh its probative value under Rule 403. *See*, *e.g.*, *United States v. Blackwood*, 768 F.2d 131, 138 (7th Cir. 1985) (district court did not abuse its discretion in admitting prior bad acts evidence in Hobbs Act prosecution where victim's state of mind was an essential element of the offense); *accord United States v. Price*, 617 F.2d 455, 459 (7th Cir. 1979).

Applying the Rule 404(b) test, the Court finds that the evidence easily satisfies the first three parts of the inquiry. First, the Government is not offering the evidence to show Heredia's propensity to commit the crimes charged but to prove the victim's state of mind, which is an element of the § 2261A offense. Second, the testimony from the victim and her sister, if given, would be sufficient to support a jury finding that Heredia committed the proffered bad acts.

5

Third, the acts are similar and close enough in time to be relevant to the matter at issue. While some of the acts date back to 1997 (approximately eight years ago), they are not too remote in time to fail this part of the inquiry. *See United States v. Tringali*, 71 F.3d 1375, 1379 (7th Cir. 1995) (evidence of drug sale ten years before charged drug offense was relevant to show intent to sell and not too remote in time to be inadmissible under Rule 404(b)); *United States v. Mounts*, 35 F.3d 1208, 1214-15 (7th Cir.1994) (attempted purchase of cocaine seven years before charged drug conspiracy was sufficiently similar and immediate under Rule 404(b)); *United States v. DeCastris*, 798 F.2d 261, 265 (7th Cir.1986) (admission of other acts occurring ten years before the charged crime was proper).

As for the fourth factor under the 404(b) analysis, as stated above, we will defer until trial any final rulings on the admissibility of the evidence under Rule 403 because, given the potentially cumulative nature of the evidence, the 403 balance may tip at some point in favor of exclusion.

In summary, whether the evidence in question is admitted under Rule 404(b) or as being intricately related to the crime charged, is largely an academic discussion. This is because whether any of the proffered evidence falls inside or outside the scope of Rule 404(b) has no practical effect. Under both scenarios, the admissibility of the evidence will hinge on Rule 403. If the evidence falls within the scope of Rule 404(b), it satisfies the first three prongs of the inquiry (as explained above), leaving only a Rule 403 balancing test. Alternatively, if the evidence is deemed intricately related to the charged offenses and outside the scope of Rule 404(b), the Court must still apply Rule 403 before the evidence is admissible, which the Court will do at trial.

**SO ORDERED.**

Entered: January 4, 2006

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT