**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-143 PS |
| | ) | |
| RUDOLFO HEREDIA | ) | |

**COURT'S PROPOSED JURY INSTRUCTIONS**

Dated:  January 5, 2006

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court

COURT'S PROPOSED INSTRUCTION NO. 1

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

*7th Circuit Pattern Instructions*, 1.01 [Government's Proposed No. 1]

COURT'S PROPOSED INSTRUCTION NO. 2

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

*7th Circuit Pattern Instructions*, 1.02 [Government's Proposed No. 2 as modified]

COURT'S PROPOSED INSTRUCTION NO. 3

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.   In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

*7th Circuit Pattern Instructions*, 1.03 [Government's Proposed No. 3]

4

COURT'S PROPOSED INSTRUCTION NO. 4

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

*7th Circuit Pattern Instructions*, 1.04 [Government's Proposed No. 4]

COURT'S PROPOSED INSTRUCTION NO. 5

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

*7th Circuit Pattern Instructions*, 1.05 [Government's Proposed No. 5]

COURT'S PROPOSED INSTRUCTION NO. 6

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

*7th Circuit Pattern Instructions*, 1.06 [Government's Proposed No. 6]

7

COURT'S PROPOSED INSTRUCTION NO. 7

It is proper for an attorney to interview any witness in preparation for trial.

*7ᵗʰ Circuit Pattern Instructions*, 1.07 [Government's Proposed No. 7]

COURT'S PROPOSED INSTRUCTION NO. 8

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

*7ᵗʰ Circuit Pattern Instructions*, 1.09 [Government's Proposed No. 8]

COURT'S PROPOSED INSTRUCTION NO. 9

The superseding indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged with the offenses of Interstate Domestic Violence and Interstate Stalking.  The defendant has pleaded not guilty to the charges.

*7th Circuit Pattern Instructions*, 2.01 [Government's Proposed No. 9]

COURT'S PROPOSED INSTRUCTION NO. 10

The defendant is presumed to be innocent of the charge.  This presumption continues during every stage of the trial and your deliberations on the verdict.  It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged.  The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.  This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

*7th Circuit Pattern Instructions*, 2.03 [Government's Proposed No. 10]

COURT'S PROPOSED INSTRUCTION NO. 11

The defendant has an absolute right not to testify.  The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

*7ᵗʰ Circuit Pattern Instructions*, 3.01

COURT'S PROPOSED INSTRUCTION NO. 12

You have received evidence of statements said to have been made by the defendant. You must decide whether the defendant did in fact make the statements. If you find that the defendant did make the statements, then you must decide what weight, if any, you feel the statements deserve. In making this decision, you should consider all matters in evidence having to do with the statements, including those concerning the defendant himself and the circumstances under which the statements were made.

*7th Circuit Pattern Instructions*, 3.02 [Government's Proposed No. 11 as modified]

13

COURT'S PROPOSED INSTRUCTION NO. 13

You have heard evidence of acts of the defendant other than those charged in the indictment.  You may consider this evidence only on the question of the state of mind of the victim in this case.  You should consider this evidence only for this limited purpose.

*7th Circuit Pattern Jury Instructions*, 3.04 (as modified) [Government's Proposed No. 12]

14

COURT'S PROPOSED INSTRUCTION NO. 14

The defendant is charged in Count One of the superseding indictment with a violation of Title 18 United States Code Section 2261, Interstate Domestic Violence.  Title 18 United States Code Section 2261 states:

A person who travels in interstate commerce with the intent to kill, injure, harass, or intimidate a spouse or intimate partner, and who, in the course of or as a result of such travel, commits or attempts to commit a crime of violence against that spouse or intimate partner, violates this section.

18 U.S.C. § 2261(a)(1) – Modified to state only relevant parts [Government's Proposed No. 13.]

COURT'S PROPOSED INSTRUCTION NO. 15

To sustain the charge of Interstate Domestic Violence, the government must prove the following propositions:

First:  that the defendant traveled interstate;

Second:  with the intent to kill, injure, harass, or intimidate a spouse or intimate partner; and

Third:  in the course of, or a result of such travel, committed a crime of violence against that spouse or intimate partner.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count One.

*7th Circuit Pattern Instructions*, 4.01 (Modified) [Government's Proposed No. 14-A as modified]

COURT'S PROPOSED INSTRUCTION NO. 16

The term "spouse or intimate partner" includes a person who shares a child in common with the alleged abuser, and a person who cohabits or has cohabited as a spouse with the alleged abuser.

18 U.S.C. § 2266(7) [Government's Proposed No. 18 as modified]

COURT'S PROPOSED INSTRUCTION NO. 17

The term "crime of violence" means:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

I instruct you as a matter of law that burglary of a residence is a crime of violence.

18 U.S.C. § 16; *Abdelqadar v. Gonzales*, 413 F.3d 668, 672 (7th Cir. 2005).  [Government's Proposed No. 16]

COURT'S PROPOSED INSTRUCTION NO. 18

Under Indiana law, a person commits burglary if he:

1) knowingly or intentionally breaks and enters;

2) the building or structure of another person;

3) with the intent to commit theft.

Indiana Pattern Jury Instruction 4.17 (modified); Ind. Code § 35-43-2-1.

COURT'S PROPOSED INSTRUCTION NO. 19

A breaking is proved by showing that even slight force was used to gain unauthorized entry, including opening an unlocked door.

*Howard v. State of Indiana*, 433 N.E.2d 753, 756 (Ind. 1982); *Willard v. State of Indiana*, 400 N.E.2d 151, 160 (Ind. 1980) [Government's Proposed Supp'l No. 2]

COURT'S PROPOSED INSTRUCTION NO. 20

Under Indiana law, a person commits theft if he:

1) knowingly or intentionally;

2) exerts unauthorized control over property of another person;

3) with intent to deprive the other person of any part of its value or use.

Indiana Pattern Jury Instruction 4.31 (modified); Ind. Code 35-43-4-2.

COURT'S PROPOSED INSTRUCTION NO. 21

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.  Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

*7th Circuit Pattern Jury Instructions*, 4.06 [Government's Proposed No. 20]

COURT'S PROPOSED INSTRUCTION NO. 22

The defendant is charged in Count Two of the superseding indictment with a violation of Title 18 United States Code Section 2261A, Interstate Stalking.  Title 18 United States Code Section 2261A states:

Whoever travels in interstate commerce with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of such travel, places that person in reasonable fear of death of, or serious bodily injury to, that person violates this section.

18 U.S.C. § 2261A(1) – Modified to state only relevant parts [Government's Proposed No. 14-B]

23

COURT'S PROPOSED INSTRUCTION NO. 23

The defendant is charged in Count Two of the superseding indictment with a violation of Title 18, United States Code, Section 2261A, Interstate Stalking. To sustain the charge of Interstate Stalking, the government must prove the following propositions:

First: that the defendant traveled interstate;

Second: with the intent to kill, injure, harass, or intimidate another person; and

Third: in the course of, or a result of such travel, placed that person in reasonable fear of death or serious bodily injury.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count Two.

*7th Circuit Pattern Jury Instructions*, 4.01 (Modified) [Government's Proposed No. 15 as modified]

24

COURT'S PROPOSED INSTRUCTION NO. 24

The term "serious bodily injury" means bodily injury which involves –

      (A) a substantial risk of death;

      (B) extreme physical pain;

      (C) protracted and obvious disfigurement; or

      (D) protracted loss or impairment of the function of a bodily member, organ, or

mental faculty.

18 U.S.C. §2266(6) and §1365 [Government's Proposed No. 17]

COURT'S PROPOSED INSTRUCTION NO. 25

The indictment charges that the offense was committed "in or about early to mid April, 2005."  The government must prove that the offense happened reasonably close to that date but is

not required to prove that the alleged offense happened on an exact date.

*7th Circuit Pattern Jury Instructions*, 4.04 [Government's Proposed No. 19]

COURT'S PROPOSED INSTRUCTION NO. 26

      Upon retiring to the jury room, select one of your number as your foreperson.  The foreperson will preside over your deliberations and will be your representative here in court.

      Forms of verdict have been prepared for you.

*7th Circuit Pattern Instructions*, 7.01 [Government's Proposed No. 21]

COURT'S PROPOSED INSTRUCTION NO. 27

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

*7th Circuit Pattern Instructions*, 7.05 [Government's Proposed No. 22]

COURT'S PROPOSED INSTRUCTION NO. 28

The verdict must represent the considered judgment of each juror.  Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

*7th Circuit Pattern Jury Instructions*, 7.06 [Government's Proposed No. 23]